LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALDO RIOS and
JOHN DOE,
on behalf of themselves and
FLSA Collective Plaintiffs,

        Plaintiffs,

        v.

COLUMBIA ORGANIC HOLDINGS, LLC
d/b/a FREEFOODS NYC,
FREE FOODS NYC 150 EAST 52ND
STREET, LLC d/b/a FREEFOODS NYC,
MATTHEW KENNEY, MICHAEL
SANSBURGER and PETER [LNU],

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

        Plaintiffs, ALDO RIOS and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, COLUMBIA ORGANIC HOLDINGS, LLC d/b/a FREEFOODS NYC and FREEFOODS NYC 150 EAST 52ND STREET, LLC d/b/a FREEFOODS NYC (the "Corporate Defendants"), MATTHEW KENNEY, MICHAEL

1

SANSBURGER, and PETER [LNU] ("Last Name Unknown") (the "Individual Defendants," and together with Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

3. Plaintiff ALDO RIOS further alleges that, pursuant to New York Human Rights Law. N.Y. Exec. Law §296, Plaintiff is entitled to recover from Defendants for a failure to provide reasonable accommodation for a disability: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

4. Plaintiff ALDO RIOS further alleges that, pursuant to New York City Human Rights Law (Administrative Code of City of NY § 8-107 [15] [a]), he is entitled to recover from Defendants based on their failure to provide reasonable accommodation for a disability: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

**PARTIES**

7. Plaintiff, ALDO RIOS, is a resident of Hudson County, New Jersey.

8. Defendants operate an organic café and green catering enterprise using the trade name "FreeFoods NYC" at 18 West 45th Street, New York, New York 10036, and a second café formerly located at 150 East 52nd Street, New York, New York 10022. The cafes operate as a single integrated enterprise. Specifically, the cafes are engaged in related activities, share common ownership and have a common business purpose. The cafes are commonly owned by Individual Defendant MATTHEW KENNEY. The cafes share the same trade name, serve the same menu items, and are advertised and marketed jointly on the internet as multiple locations of the same enterprise, including through articles (*See Exhibit 1*). Merchandise and supplies are interchangeable among the cafes.

9. Upon information and belief, Defendant, COLUMBIA ORGANIC HOLDINGS, LLC d/b/a FREEFOODS NYC, is a limited liability company organized under the laws of New York, with a principal place of business and an address for service of process located at 18 W 45th Street, New York, New York 10036.

10. Upon information and belief, Defendant, FREEFOODS NYC 150 EAST 52ND STREET, LLC d/b/a FREEFOODS NYC, is a domestic limited liability company organized under the laws of New York, with a former principal place of business located at 150 East 52nd Street, New York, New York 10022, and an address for service of process located at c/o Brian J. Bocketti, Esq., Lippes Mathias Wexler Friedman LLP, 665 Main Street, Suite 300, Buffalo, New York 14203.

11. Upon information and belief, Defendant, MATTHEW KENNEY, is the Owner of each of the Corporate Defendants.  MATTHEW KENNEY exercised control over the terms and


conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. MATTHEW KENNEY exercises functional control over the business and financial operations of Corporate Defendants.

12. Defendants, MICHAEL SANSBURGER and PETER [LNU] are each principals of Defendant, COLUMBIA ORGANIC HOLDINGS, LLC d/b/a FREEFOODS NYC. Each of Defendants, MICHAEL SANSBURGER and PETER [LNU] exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, they exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

13. At all relevant times, Defendant, COLUMBIA ORGANIC HOLDINGS, LLC d/b/a FREEFOODS NYC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

15. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

16. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

19. In or about 2007, Plaintiff, ALDO RIOS, was hired by Defendants and/or their predecessors, as applicable, to work as a counter person for Defendants' "FreeFoods NYC" café, located at 18 W 45th Street, New York, New York 10036.

20. ALDO RIOS worked for Defendants until on or about June 14th, 2015. Defendants terminated Plaintiff ALDO RIOS for taking a medical leave of one (1) week for treatment for diabetes.

21. During the employment of Plaintiff, ALDO RIOS, by Defendants, he worked over forty (40) hours per week. During ALDO RIOS's employment by Defendants, he worked over ten (10) hours per day.

22. Specifically, ALDO RIOS worked five (5) days a week as follows: three (3) days a week for fifteen (15) hours per day, one (1) day a week for ten (10) hours per day, and one (1) day a week for nine (9) hours per day, for a total of sixty-four (64) hours per week. From 2007 until on or about January 1, 2012, Plaintiff ALDO RIOS received a straight time hourly rate of $10 per hour, for all hours worked. From on or about January 2, 2012, until on or about June 14, 2015, Plaintiff ALDO RIOS received a straight time hourly rate of $11 per hour, for all hours worked. At all times, Defendants paid Plaintiff ALDO RIOS in cash and failed to provide Plaintiff with any wage statements.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

24. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

25. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. Plaintiffs were paid entirely in cash and did not receive any wage statements during their period of employment with Defendants.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

27. Defendants knowingly and willfully operated their business while failing to reasonably accommodate Plaintiff ALDO RIOS' disability.

28. In or about Plaintiff ALDO RIOS' second year of employment at Defendants' "FreeFoods NYC" café, he developed diabetes. Defendants had knowledge and were aware of Plaintiff ALDO RIOS' medical condition because Plaintiff ALDO RIOS had previously needed to take time off work, approximately three (3) times a year, for diabetes related medical appointments. Even when Plaintiff ALDO RIOS needed to take time off for his medical appointments, Defendants typically rescheduled Plaintiff ALDO RIOS to work the closing shift to accommodate his appointments.

29. In or about June 2015, Plaintiff ALDO RIOS became sick as a result of his medical impairment and was hospitalized to receive medical treatment. Plaintiff ALDO RIOS immediately notified Defendants that he was hospitalized. Plaintiff ALDO RIOS was in the hospital for five (5) days when Defendant MICHAEL SANSBURGER called Plaintiff ALDO RIOS to terminate his employment at Defendants' "FreeFoods NYC" café.

30. Plaintiff ALDO RIOS' diabetes did not otherwise interfere with his ability to perform his work duties.

31. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

32. Plaintiffs reallege and reaver Paragraphs 1 through 31 of this Complaint as fully set forth herein.

33. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendant COLUMBIA ORGANIC HOLDINGS, LLC d/b/a FREEFOODS NYC, had gross revenues in excess of $500,000.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

37. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

38. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken

promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

48. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## COUNT III

## DISCRIMINATION UNDER THE NEW YORK HUMAN RIGHTS LAW
## (FAILURE TO ACCOMMODATE)

51. Plaintiffs reallege and reaver Paragraphs 1 through 50 of this Complaint as fully set forth herein.

52. Plaintiffs are employees and qualified persons within the meaning of New York State Human Rights Law ("NYSHRL") and Defendants are covered employers under the NYSHRL.

53. Defendants willfully violated the New York Human Rights Law by being aware of and failing to reasonably accommodate Plaintiff ALDO RIOS' request in light of Plaintiff ALDO RIOS' disability, as per New York Executive Law §§ 292 and 296.

54. Failure to provide a reasonable accommodation to an employee's known disability is a type of discrimination under the NYHRL. *See* Miloscia v. B.R. Guest Holdings LLC, 928 N.Y.S.2d 905, 912.

55. "Disability" is defined under the NYHRL as a "physical, mental or medical impairment…which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques…[and] which, upon the provision of reasonable accommodations, do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held. *See* Executive Law § 292(21).

56. Furthermore, under New York State law, the purposes of the HRL cannot be achieved if employers do not at least consider the possibility of requests like Plaintiff ALDO RIOS' in an "individualized, interactive process." Plaintiff ALDO RIOS was and is still capable of performing the core duties of his job, his request for an accommodation immediately triggered a responsibility on the part of the Defendants to do no less than investigate such possibilities. *See* Philips v. City of New York, 66. A.D.3d 170, 176 (2009). *See also* Jacobsen v. New York City Health and Hospitals Corp., 22 N.Y.3d 824, 837 (2014).

57. In this case Plaintiff ALDO RIOS' diabetes qualified as a disability under the NYRL. He asked for an accommodation that did not even require Defendants to treat him differently from many of the non-disabled employees in their employ. Plaintiff ALDO RIOS only requested a week off for treatment, but is and was otherwise capable of performing the same tasks in the same amount of time as other counter persons.

58. Defendants' responded to Plaintiff ALDO RIOS' request by terminating his employment at Defendants' "FreeFoods NYC" café located at 18 W 45th Street, New York, New

York 10036, without discussing any form of reasonable accommodations available or providing a reasonable accommodation. Defendants willfully violated the provisions of Executive Law § 296.

59. Due to Defendants' violation of New York Executive Law § 296, the Plaintiff ALDO RIOS is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorney's fees and costs.

## COUNT IV

## DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

## (FAILURE TO ACCOMMODATE)

60. Plaintiffs reallege and reaver Paragraphs 1 through 59 of this Complaint as fully set forth herein.

61. Plaintiffs are employees and qualified persons within the meaning of the New York City Human Rights Law ("NYCHRL") and Defendants are covered employers under the NYCHRL.

62. Defendants willfully violated the New York City Human Rights Law by being aware of and failing to reasonably accommodate Plaintiff ALDO RIOS' request in light of his disability, as per New York City Administrative Code § 8-107.

63. Failure to provide a reasonable accommodation to an employee's known disability is a type of discrimination under the NYCHRL.  *See* Miloscia v. B.R. Guest Holdings LLC, 928 N.Y.S.2d 905, 912.

64. The NYCHRL defines "disability" as "any physical, medical, mental or psychological impairment, or a history or record of such impairment."  *See* Admin. Code § 8–102(16)(a).

65. Under New York City code, the purposes of the HRL cannot be achieved if employers do not at least consider the possibility of requests like Plaintiff ALDO RIOS' in an "individualized interactive process."  Because Plaintiff ALDO RIOS was and is still capable of performing the core duties of his job, his request for an accommodation immediately triggered a responsibility on the part of the Defendants to do no less than investigate such possibilities.  *See* Philips v. City of New York, 66. A.D.3d 170, 176.  *See also* Jacobsen v. New York City Health and Hospitals Corp., 22 N.Y.3d 824, 837 (2014).

66. In this case Plaintiff ALDO RIOS' diabetes qualified as a disability under the NYCRL. Plaintiff ALDO RIOS asked for an accommodation that did not even require Defendants to treat Plaintiff ALDO RIOS differently from the non-disabled employees in their employ.  Plaintiff ALDO RIOS only requested a week off for treatment, but is and was otherwise capable of performing the same tasks in the same amount of time as other counter persons.

67. Defendants' responded to Plaintiff ALDO RIOS' request by terminating his employment at Defendants' "FreeFoods NYC" café located at 18 W 45th Street, New York, New York 10036, without discussing any form of reasonable accommodations available or providing a reasonable accommodation, thus willfully violating the provisions of New York City Administrative Code § 8-107 (15) (a).

68. Due to Defendants' violation of New York City Administrative Code § 8-107 (15) (a), Plaintiff ALDO RIOS is entitled to recover from Defendants: (1) compensatory and punitive damages and (2) attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the New York Labor Law, New York State Human Rights Law and New York City Human Rights Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

g. An award of compensatory and punitive damages as a result of Defendants' failure to provide reasonable accommodations for a disability;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.	Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:	January 20, 2016

                              Respectfully submitted,

                              LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:	  /s/ *C. K. Lee*
       C.K. Lee, Esq. (CL 4086)